534    WILSON SEWING MACHINE CO. *v.* BOYINGTON.    [Sept. T

Opinion of the Court.

# WILSON SEWING MACHINE COMPANY

*v.*

# WILLIAM W. BOYINGTON.

CORPORATION—*when liable for acts of its officers and agents.*   If the officers and agents of a corporation contract with other persons, and in their negotiations so act as to induce such persons to believe they are acting for the corporation, and credit is given upon that belief, the corporation will be liable, although such officers and agents were not, in fact, acting for it in such negotiations.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. DICKEY & CAULFIELD, for the appellant.

Mr. FREDERICK ULMANN, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action brought by William W. Boyington, an architect, residing in Chicago, against the Wilson Sewing Machine Company, an Ohio corporation, to recover for services as an architect, in drawing plans for a building. The cause was tried by the court below without a jury, and judgment rendered against the company for two hundred dollars, from which the company has appealed.

The errors assigned present but the single question, whether the evidence is sufficient to support the finding and judgment. There is no dispute that the plans were prepared and worth the sum charged. The contest is as to the company's liability to pay.

This company had a branch office in Chicago, devoted to its business of manufacturing and selling sewing machines.

In behalf of the plaintiff below, the plaintiff himself testified, that in June, 1872, Mr. Wilson, (the president, executive manager, and principal stockholder of the company,) together with Mr. Sawyer, (the manager and superintendent of its Chi-

cago office,) called at his office, and stated his business to be to procure plans for the erection of a building for the defendant; that they had some conversation as to the style of building most suitable for defendant. No agreement was made then, but Wilson and Sawyer left, Wilson saying he would communicate with him further. Afterwards, at the company's office in Chicago, Williams, (the associate manager of the Chicago office), gave Boyington more specific instructions as to the style of building wanted, etc. At the same interview, Williams told plaintiff to make the plan as speedily as possible, as the company was in need of better quarters and wanted to decide upon the style of building.

The plan was made, and Williams said it suited them, but owing to a defect in the title of the lot they had bargained for, they could not go on with the building.

Howe, draughtsman, and foreman in Boyington's office, testified, that on June 14 or 15, 1872, in the absence of Boyington, Williams called at the office, said he was the defendant's agent, and wanted some plans for a building to be erected for that company. Williams gave Howe the dimensions of the lot and of the building, and some instructions as to the style of building to be erected.

In behalf of the defendant, Sawyer testified, that he and Wilson called on Boyington, and that Wilson spoke to Boyington about making a plan or design for a building suitable for the defendant's business, and said he was not certain *we* could get the lot.

Williams testified, that in his transactions with the plaintiff he was acting as the agent of Wilson individually, and that he understood it was Wilson's individual matter, and that he stated to plaintiff Wilson was negotiating for a lot to build upon in Chicago, and, in view of putting up a building, he wished to obtain from plaintiff a plan, etc.

Wilson testified, that his transactions with the plaintiff were on his individual account, and not for his company. Such was, substantially, the testimony as respects the employment.

The question of liability, as we conceive, does not depend

upon the fact, whether it was the company itself that designed erecting the building, or whether Wilson contemplated its erection on his own account, and meant to let it to the company to be occupied and used by it for its business; but rather upon who the plaintiff supposed and had the right to suppose, had engaged his services. If Williams, as he says, was acting as the agent of Wilson individually, and understood it was Wilson's individual matter, he did not communicate the fact to the plaintiff. If Wilson's transactions with plaintiff were on his individual account, and not for his company, he certainly did not give plaintiff to so understand, but the contrary. We can not doubt, from the evidence, that plaintiff supposed, and had the right to suppose, from the conduct of the highest officer and the manager of this company, that he was dealing with the company, and that the company was his employer, and the one upon whose credit the services were rendered.

Under such circumstances, we think the company should be held to have been the employer of the services of plaintiff, and to be bound as such, even though it might not have been such employer in fact.

We see no sufficient reason to reverse the finding of the court, and the judgment will be affirmed.

*Judgment affirmed.*